UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 21-MJ-523 |
| : | |
| REGINALD DEVON COOPER, : | |
| DANIEL MICHAEL AUGBURN, : | |
| UNIDENTIFIED MALE-1, : | |
| Defendants. : | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION
FOR DEFNEDANT DANIEL MICHAEL AUGBURN**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its oral motion that defendant Daniel Michael Augburn be detained pending trial pursuant to 18 U.S.C. §§ 3142(f)(1)(A) and 3142(f)(1)(E) of the federal bail statute. The Government requests that the following points and authorities, as well as any other facts, arguments and authorities presented at the detention hearing, be considered in the Court's determination regarding pretrial detention.

**INTRODUCTION**

Defendant Daniel Michael Augburn is a 24-year old male with a prior criminal history that includes the unlawful and concealed possession of firearms, and multiple prior convictions for contempt of court. At the time of his arrest for this case, Defendant Augburn also had multiple felony and misdemeanor charges pending against him in Henrico County, Virginia and Richmond, Virginia, near his residence in Henrico, Virginia.

1

Defendant Augburn was arrested on July 29, 2021, for his participation in an armed robbery of a store that markets itself as a purported District of Columbia Initiative 71-compliant marijuana broker. The defendant now finds himself, along with two co-defendants, charged by federal Criminal Complaint with one count of Interference with Commerce By Threats or Violence (Hobbs Act Robbery), in violation of 18 U.S.C. § 1951(a).

Despite Defendant Augburn's eight prior misdemeanor convictions, and five pending felony and misdemeanor cases, the current charge in this case carries the most severe potential penalties that the defendant has faced thus far. Defendant's participation in the instant armed robbery, as well as his criminal history and prior unlawful possession of firearms, demonstrate that he is a danger to the community. In addition, Defendant's history of non-compliance with court orders and law enforcement – including his four convictions for contempt of court and pending felony charge for Disregarding and Endangering Law Enforcement – highlights his inability to comply with any release conditions that the Court may impose.

For the reasons set forth below, the Government submits that Defendant Augburn should be held without bond pending trial to ensure the safety of the community and his appearance at future court proceedings for this case.

## PROCEDUREAL HISTORY AND APPLICABLE AUTHORITY

On July 9, 2021, a federal Criminal Complaint, supported by a sworn affidavit, was filed charging Defendant Augburn (and Defendants Cooper and Unidentified Male-1) with one count of Interference with Commerce By Threats or Violence (Hobbs Act Robbery), in violation of 18 U.S.C. § 1951(a). Arrest Warrants were issued for Defendants Augburn and Cooper. The Government's investigation of the incident continues.

An Initial Appearance was held before Magistrate Judge Meriweather on August 4, 2021. The Government indicated that it was seeking the Defendants' temporary and pretrial detention pursuant to 18 U.S.C. § 1342. At the request and consent of counsel for Defendant Augburn, the Court scheduled a detention hearing for August 9, 2021.

At the detention hearing on August 9, 2021, the Government will move for Defendant Augburn's detention pending trial pursuant to 18 U.S.C. §§ 3142(f)(1)(A) (involving a crime of violence) and 3142(f)(1)(E) (involving a firearm or other dangerous weapon).

The Government respectfully submits that Defendant Augburn is a danger to the community and a flight risk. The Government must establish by clear and convincing evidence that a defendant is a danger to the community. *United States v. Peralta*, 849 F.2d 625, 626 (D.C. Cir. 1988). The Government must establish by preponderance of the evidence that a defendant poses a risk of flight. *United States v. Vortis*, 785 F.2d 327, 328-29 (D.C. Cir. 1986). The Government may proceed by way of proffer at a detention hearing. *United States v. Smith*, 79 F.3d 1208, 1209-10 (D.C. Cir. 1996).

Section 3142(g) provides that the Court should consider and weigh the following four factors in determining whether to detain a defendant pending trial: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a firearm; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including but not limited to criminal history and whether, at the time of the current offense or arrest, the defendant was on release pending trial for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). In consideration of the facts and circumstances of this case, the Government respectfully requests that the Court conclude that there

is no condition or combination of conditions that would assure the safety of the community and Defendant's appearance at future proceedings. Therefore, Defendant Augburn should be detained pending trial in this case pursuant to 18 U.S.C. § 3142(e)(1).

## ANALYSIS

### I. Nature and Circumstances of the Offense Charged

Defendant Augburn is charged with participating in an armed robbery of a marijuana store, during which his two co-defendants each held the victim at gunpoint while Defendant Augburn and his co-defendants rushed to steal marijuana and other items from the location. The Metropolitan Police Department ("MPD") responded following the incident and reviewed multiple surveillance videos of the interior and exterior of the premises and surrounding area. These surveillance videos show the defendants arrive by car near the store, unsuccessfully attempt to enter the store, wait outside of the store, subsequently enter the store, survey the store and the marijuana products therein, commit the armed robbery, and then flee the store with their proceeds to their nearby vehicle and quickly drive away.

These videos and other circumstances of the incident reveal that this armed robbery was planned and coordinated by the defendants. First, on June 26, 2021 prior to the incident, a male later identified as Defendant Cooper contacted Complainant-1 ("C-1") by phone and stated that he wanted to visit the store to obtain marijuana products. Approximately several hours later, the defendants arrived by car, parked on the 700 block of 7th Street SE, and attempted to enter 734 7th Street SE, where the marijuana store was located in Unit #2 on the second floor. After they were initially unable to open the door, the defendants returned to their vehicle. Approximately 30 minutes later, the Defendants returned to the building. C-1 observed three males – later identified as Defendant Cooper, Defendant Augburn, and Unidentified Male-1 – standing outside of the

4

entrance to the store's building at 734 7th Street SE waiting to be let inside. Defendant Cooper spoke with C-1 again, after which C-1 let the three Defendants into the building and the store. The following figures depict the defendants standing outside of the entrance to the building (Defendant Augburn is circled in red):




Once inside, the defendants spent approximately 15 minutes browsing the selection of marijuana products on display in the store, as shown below:




At approximately 7:23 p.m., while C-1 was located behind a store counter inside Unit #2, the surveillance video captures Defendant Cooper remove a firearm from his waistband and hold it below the counter, out of C-1's sight, for approximately 80 seconds. Defendant Augburn is able to see Defendant Cooper holding the firearm below the counter during this time; however, Defendant Augburn does not appear surprised or caught off-guard. Instead, Defendant Augburn continues to act calmly and in the same manner as before:



Once Defendant Cooper points the firearm at C-1, Defendant Augburn immediately began to quickly gather marijuana products and other items from inside store, placed the stolen items into a plastic bag, and then fled the scene with the defendants:



6

As set forth above, the first factor, the nature and circumstances of the offense charged, clearly weighs in favor of detention. Here, these coordinated and deliberate actions demonstrate that Defendant Augburn was an active and knowing participant in the plan and conduct of the armed robbery, during the daylight hour, on a Saturday evening in a busy neighborhood. The nature of this offense therefore weighs in favor of detention.

II. **Weight of the Evidence Against Defendant Augburn**

Based on the Government's investigation to date, the weight of the evidence against Defendant Augburn in this case is strong. As set forth above, law enforcement obtained multiple surveillance videos depicting the defendants – including Defendant Augburn – waiting, surveying, and ultimately executing an armed robbery of the marijuana store. Defendant Augburn's face and other unique characteristics, including his tattoos, are clearly visible in the surveillance videos. The surveillance videos also clearly show the defendants entering the store, committing the armed robbery, and fleeing the scene with their proceeds and weapons.

Although the Government's investigation is ongoing, the Government respectfully submits that the evidence already collected against Defendant Augburn is strong. As a result, this factor also strongly weighs in favor of detention.

III. **Defendant Augburn's History and Characteristics**

The third factor, the history and characteristics of the person, similarly weighs in favor of detention in this case.

Defendant Augburn's criminal history includes eight prior misdemeanor convictions with arrest dates spanning from November 2015 through October 2017. Notably, this criminal history includes four convictions for contempt of court, one conviction for unlawfully carrying a concealed firearm, and one conviction for assault. These convictions demonstrate Defendant

7

Augburn's disregard for court orders and the rule of law, and the danger that his conduct presents to the community. The remaining two convictions for Concealment and Obtaining Money by False Pretenses demonstrate a history of deception.

Moreover, Defendant Augburn is currently indicted for a violation of 46.2 Va. Code § 46.2-817(B) (Disregarding Signal By Law Enforcement To Stop; Endanger), which is a felony. This charge further demonstrates both the danger to the community that the defendant poses, and his disregard and non-compliance with law enforcement.

Significantly, Defendant Augburn's criminal history, including his conviction history, pending cases, and recent contacts with law enforcement – also demonstrates a pattern of Defendant unlawfully carrying concealed firearms, which given his other characteristics and the instant offense, presents a real and ongoing danger to the community. First, Defendant Augburn was convicted of a violation of 18.2 Va. Code § 18.2-308 (Carrying Concealed Weapon) in Henrico County, Virginia for unlawfully possessing a concealed firearm – an H&R Model 662 revolver – on May 11, 2017. Second, and more recently, Defendant Augburn was arrested on February 8, 2021 in Henrico County, Virginia and charged with another violation of Section 18.2-308 (Carrying Concealed Weapon), as well as a violation of Section 18.2-287.4 (Carrying Loaded Firearms in Public Areas), for carrying a concealed and loaded Glock semi-automatic pistol. Because this would be Defendant Augburn's second violation of Section 18.2-308 (Carrying Concealed Weapon), the violation is a felony. Third, even more recently, when Defendant Augburn was arrested on May 13, 2021 for a domestic violence misdemeanor assault charge, Henrico County Police Department officers recovered a loaded Glock semi-automatic pistol that was concealed in Defendant's waistband. Another charge under Section 18.2-308 (Carrying Concealed Weapon) for this violation would similarly constitute another felony. Moreover, these

repeated and recent instances where Defendant Augburn was found to be illegally in possession of loaded and concealed firearms demonstrates a dangerous pattern of conduct. Clearly, neither the defendant's prior conviction for Carrying a Concealed Weapon, nor his more recent arrests, have dissuaded the defendant from illegally possessing firearms. As a result, there are no circumstances that would reasonably ensure that Defendant would cease this pattern and practice while on pretrial release in this case, which poses a danger to the community.

Taken together, this factor strongly weighs in favor of Defendant Augburn's detention pending trial in this case.

### IV. Danger to the Community

The nature and circumstances of the charged offense and Defendant Augburn's criminal history strongly indicate that he remains a danger to the community.

As set forth above, the instant offense involved the planned and coordinated armed robbery of a marijuana store using two firearms. C-1 was held at gunpoint, constantly and at close range, for more than a minute during the robbery. The robbery was conducted on a Saturday evening in a busy business and residential neighborhood. The past and continuing danger posed to the community by those who planned and carried out this robbery is readily evident.

In addition, Defendant Augburn's criminal history includes a misdemeanor conviction for assault, an open felony charge for endangering others while disregarding a law enforcement order to stop, and multiple open and recent domestic violence misdemeanor assault charges.

Lastly, Defendant Augburn's criminal history clearly demonstrates that he has the knowledge, means, and desire to unlawfully carry loaded firearms. Together with the nature of the charged offense, and his criminal history, Defendant Augburn poses an ongoing danger to the community. As a result, this factor also strongly weighs in favor of pretrial detention.

V. **There are No Condition or Combination of Conditions that Would Ensure Defendant Augburn's Appearance, the Safety of the Community, or Compliance with Court-Ordered Release Conditions**

At the time of the instant offense, Defendant Augburn was facing two felony and three misdemeanor cases pending in jurisdictions near his residence. The instant offense conduct – a planned and coordinated armed robbery – is particular concerning given Defendant Augburn's conviction and arrest history for the unlawful possession of concealed firearms and assaults. Moreover, Defendant Augburn's criminal history clearly demonstrates a disrespect for the law, courts, and law enforcement. This record strongly supports the Government's position that Defendant Augburn would circumvent the Court's efforts to reasonably control his behavior through conditions of release to ensure his appearance at future proceedings and keep the community safe.

## Conclusion

For the foregoing reasons and any presented at the detention hearing for this matter, the Government respectfully submits that the Court should grant the Government's motion to detain Defendant Daniel Augburn pending trial because he has demonstrated that he is a danger to the community and a flight risk.

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney

By:   */s/ Thomas G. Strong*
Thomas G. Strong
NY Bar No. 4958658
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530
Phone:   (202) 252-7063
Email:   thomas.strong@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing to be served upon counsel of record via the Electronic Case Filing (ECF) system on August 6, 2021.

By:     */s/ Thomas G. Strong*
            Thomas G. Strong
            Assistant United States Attorney