UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Case No. 21-CR-514-2 (EGS) |
| | : |
| DANIEL MICHAEL AUGBURN, | : |
| | : |
| Defendant. | : |

## STATEMENT OF OFFENSE IN SUPPORT OF GUILTY PLEA
## FOR DEFENDANT DANIEL MICHAEL AUGBURN

**I.   Summary of the Plea Agreement**

Defendant Daniel Michael Augburn agrees to admit guilt and enter a plea of guilty to Interference with Interstate Commerce by Robbery, in violation of 18 U.S.C. § 1951(a), which is charged in Count One of the Indictment.

**II.   Elements of the Offense**

The essential elements of the offense of Interference with Interstate Commerce by Robbery, in violation of 18 U.S.C. § 1951(a), each of which the Government must prove beyond a reasonable doubt, are:

1. That the defendant took from the "D.C. Exotica" store, located at 734 7th Street SE, Unit #2, Washington, D.C., the property described in Count One of the Information, namely marijuana, marijuana products, and U.S. currency;

2. That the defendant did so knowingly and willfully by robbery; and

3. That as a result of the defendant's actions, interstate commerce was obstructed, delayed, or affected.

1

### III. Penalties for the Offense

The penalty for Interference with Interstate Commerce by Robbery, in violation of 18 U.S.C. § 1951(a), is as follows:

1. a maximum term of imprisonment not greater than 20 years;
2. a fine not to exceed $250,000;
3. a term of supervised release of not more than three years, after any period of incarceration; and
4. a special assessment of $100.

The United States Sentencing Guideline § 5E1.2 permits the Court to impose an additional fine to pay the costs of imprisonment and any term of supervised release and/or probation.

### IV. Statement of the Facts

The following statement of facts does not purport to include all of the defendant's illegal conduct. It is intended to represent sufficient information for the Court to find a factual basis for accepting the defendant's guilty plea.

Had this case gone to trial, the Government's evidence would prove the following:

1. On June 26, 2021, prior to the incident, Defendants Reginald Cooper, Daniel Augburn, and Rashaad Robinson (collectively, the "Defendants") arranged to visit the D.C. Exotica Store, located at 734 7th Street SE, Washington, D.C., to purchase marijuana and marijuana products.

2. Approximately several hours later, Defendants Cooper, Augburn, and Robinson arrived and parked on the 700 block of 7th Street SE, Washington, D.C., where the D.C. Exotica store was located, in Defendant Robinson's vehicle, a 2015 black Dodge Charger four-door sedan bearing Virginia License Plate No. UDF 6957 (the "Charger"). At the time of the offense on

June 26, 2021, the Charger was painted black in color and had two red diagonal racing stripes on the front driver's side fender.

3. The Defendants attempted to enter 734 7th Street SE, where the D.C. Exotica store was located, but initially were unable to open the door. The Defendants returned to Defendant Robinson's vehicle.

4. Approximately 30 minutes later, the Defendants returned to the building and stood outside the entrance to 734 7th Street SE waiting to be let inside. Defendant Cooper spoke with Complainant-1 ("C-1"), after which C-1 let the Defendants into the building and the D.C. Exotica store, located in Unit #2 on the second floor. Once inside the store, the Defendants spent approximately 15 minutes browsing marijuana products and marijuana in the store.

5. At approximately 7:23 p.m., while C-1 was located behind a store counter inside Unit #2, Defendant Cooper removed a firearm from his front waistband and held it below the counter, out of C-1's sight, for approximately 80 seconds. Defendants Robinson and Augburn stood next to Defendant Cooper while this occurred.

6. Defendant Cooper then pointed his firearm at C-1, at which point Defendant Robinson reached into his front waistband, pulled out another firearm, and pointed his firearm at C-1. Defendant Cooper continued to hold C-1 at gunpoint, during which time Defendants Robinson and Augburn quickly gathered marijuana products and other items from inside store and placed the stolen items into bags. Defendant Cooper took a bag from C-1's person. The Defendants then exited the building, returned to the Charger, and fled the scene. All together, the Defendants stole approximately $1,000 in U.S. currency, approximately $1,000 of marijuana and marijuana products, a firearm, C-1's cellphone, and other items.

7. During the robbery, Defendant Robinson wore a black T-shirt, grey sweatpants, and a white cap; Defendant Cooper wore a white T-shirt and black shorts; Defendant Augburn wore a black T-shirt and dark blue sweatpants.

8. The firearms that Defendants Cooper and Robinson possessed and brandished at C-1 during this robbery were originally designed to be fired by the use of a single hand and had a barrel length of less than 12 inches.

9. Defendant Augburn acknowledges that his co-defendants' use of firearms were reasonably foreseeable in the context of the conspiracy to rob C-1.

\* \* \*

This proffer of evidence is not intended to constitute a complete statement of all facts known by the parties, but is a minimum statement of facts intended to provide the necessary factual predicate for the guilty plea. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for the defendant's plea of guilty to the charged crime. This Statement of Offense fairly and accurately summarizes and describes some of the defendant's actions and involvement in the offense to which the defendant is pleading guilty.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

By: */s/ Thomas G. Strong*
Thomas G. Strong
Assistant United States Attorney
601 D Street N.W.
Washington, DC 20001
(202) 252-7063
thomas.strong@usdoj.gov

**DEFENDANT'S ACKNOWLEDGMENT**

I have read the Statement of Offense setting forth the facts related to my guilty plea to the two-count Information in this case. I have discussed this Statement of Offense fully with my attorney, Atiq Ahmed, Esq. I fully understand this Statement of Offense and I acknowledge its truthfulness, agree to it and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Statement of Offense fully.

Date: 11/12/2022

_____
Daniel Michael Augburn
Defendant

**ATTORNEY'S ACKNOWLEDGMENT**

I have read each of the pages constituting the Statement of Offense related to my client's guilty plea to Count One of the Indictment in this case. I have reviewed the entire Statement of Offense with my client and have discussed it with him fully. I concur in my client's agreement with and acceptance of this Statement of Offense.

Date: 11-12-22

_____
Atiq Ahmed, Esq.
Attorneys for Defendant

5